ON MOTION TO SUBSTITUTE PARTIES
PER CURIAM.
These consolidated appeals are from the forfeiture of several thousand dollars pursuant to the Florida Contraband Forfeiture Act.
The order of the trial court directed that the money be forfeited “.. . to the Hamilton County Sheriff’s Department for the use and benefit of Hamilton County Sheriff’s Department, to be deposited in a special Law Enforcement Trust Fund to be established by the Board of County Commissioners of Hamilton County and shall be used for law enforcement purposes only, as prescribed in Chapter 943.44(3)(a) ...”
The State has filed a Notice of Real Parties in Interest and a Motion for Substitution of Parties asserting that the State is not the proper party appellee and that Hamilton County and/or the Hamilton County Sheriff’s Department should be substituted as appellee(s). Hamilton County asserts that the State is the proper party appellee.
The State argues that since the State was not a party to the forfeiture proceeding and since the monies were not forfeited to the State of Florida or a state agency, the State has no interest in this appeal. We cannot agree with the State’s assertions.
The State of Florida was a party to the forfeiture proceedings. The notice of forfeiture proceedings filed in each case states:
“YOU ARE HEREBY NOTIFIED that the State of Florida ... pursuant to Florida Statutes 943.41-943.44, intends to initiate forfeiture proceedings . . . . ”
The Petition for Rule to Show Cause, filed in each case in accordance with Section 943.44(1), begins “... [t]he State of Florida ... petitions this Court for a Rule to Show Cause .. . . ” The State initiated and then prosecuted the forfeiture proceedings; therefore, we find the State’s contention that it was not a party to the forfeiture proceedings to be baseless. Further, since the State was a party below, it is a party to this appeal. Rule 9.020(f)(2), Fla.R.App.P., defines “appellee” as “every party in the proceeding in the lower tribunal other than an appellant.”
We also find to be without merit the State’s contention that the State of Florida has no interest in this case because the property was not forfeited to the State or a state agency. This argument overlooks the purpose of the Florida Contraband Forfeiture Act. In Griffis v. State, 356 So.2d 297 (Fla.1978), the Supreme Court outlined the history of the Florida Uniform Contraband Transportation Act, now the Florida Contraband Forfeiture Act, and explained its purpose. The Court looked to the federal counterpart of the Florida act, 49 U.S.C., §§ 781, 782, to determine the purpose of the Florida act and cited to the congressional committee report that accompanied the 1950 amendment to the federal law:
Enforcement officers of the Government have found that one of the best ways to strike at commercialized crime is through the pocketbooks of the criminals who engage in it. Vessels, vehicles, and aircraft *47 may be termed the operating tools of dope peddlers, and often represent major capital investments to criminals whose liquid assets, if any, are frequently not accessible to the Government. Seizure and forfeiture of these means of transportation provide an effective brake on traffic in narcotic drugs .... 1950 U.S. Code Congressional Service, pp. 2952, 2953-54, cited at 356 So.2d at 300.
The Court also cited to United States v. One 1972 Datsun, 378 F.Supp. 1200 (D.C.N.H.1974):
[A] primary goal of this forfeiture statute is to cripple illegal drug trafficking and narcotics activity ....
* * * * * *
[A] purpose of vehicle forfeiture in the enforcement of the narcotics laws is to prevent the flow of narcotics by depriving narcotics peddlers of the “operating tools” of their trade, thereby financially incapacitating the illegal narcotics activity-
The Supreme Court considered the purpose behind the forfeiture provisions of the Uniform Controlled Substances Act:
... Effective law enforcement demands that there be a means of confiscating the vehicles and instrumentalities used by drug traffickers in committing violations under this Act. The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances and to deprive the drug trafficker of needed mobility. 9 Uniform Laws Annotated § 505, p. 338, cited at 356 at 302.
Considering the purpose and function of the forfeiture statutes, it is difficult to understand the Attorney General’s assertion that the State has “no interest” in a forfeiture proceeding unless the seized items are forfeited to the State. The State’s interest is in ensuring that the operating tools of crime are removed from the hands of criminals.
For the above stated reasons, the State’s Motion for Substitution of Parties is denied. The State will have 20 days to serve its answer brief.
IT IS SO ORDERED.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.