437 So.2d 1095 (1983)
STATE of Florida, Petitioner,
v.
Paul BOWMAN, et al, Respondents.
STATE of Florida, Petitioner,
v.
Linda ALMOS, Respondent.
Nos. 62175, 62177.
Supreme Court of Florida.
September 1, 1983.
*1096 Jim Smith, Atty. Gen., and Raymond L. Marky and Carolyn M. Snurkowski, Asst. Attys. Gen., Tallahassee, for petitioner.
John H. McCormick and W. Arvel Drury of McCormick & Drury, Jasper, for respondent Hamilton County. Richard B. Davis, Jr., Jasper, for respondent Linda Almos.
SHAW, Justice.
The First District Court of Appeal denied the attorney general's motions to substitute parties. In re Forfeiture of Four Thousand, Four Hundred Eighteen and 65/100 Dollars v. State, 415 So.2d 45 (Fla. 1st DCA 1982) (Bowman case); In re Forfeiture of the Following Described Property: 1978 Ford Van VIN E14HHBH5097, No. AH-74 (Fla. 1st DCA May 10, 1982) (Almos case). These decisions of the district court expressly affect a class of constitutional officers, providing this Court with jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Following the Hamilton County Sheriff's Department's seizure of instruments used for trafficking in contraband, the State Attorney for the Third Judicial Circuit initiated proceedings for the forfeiture of the seized instruments under section 943.44(1), Florida Statutes (Supp. 1980). In each case the forfeiture was ordered and then appealed to the First District Court of Appeal. After being served with briefs as appellee, the attorney general moved for substitution of parties, claiming the state was not properly a party, because the value of the forfeited items inured to the benefit of Hamilton County, not the state. The district court denied the motion in the Bowman case, finding that the state's interest in the proceedings was "in ensuring that the operating tools of crime are removed from the hands of criminals." 415 So.2d at 47. The district court also denied the motion in the Almos case, citing the Bowman case. We approve the First District Court's decisions and adopt its opinion in the Bowman case as our own.
The State of Florida has an interest in these proceedings, as the district court correctly concluded. Once the state's interest is established, it is the legislature's intent that the attorney general
[s]hall appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, or in anywise interested, in the Supreme Court and district courts of appeal of this state.
§ 16.01(4), Fla. Stat. (1981) (emphasis supplied). As it so happens, the state also was a party in these cases in the trial court, since the forfeiture actions were brought in the name of the state by the state attorney. It therefore is apparent that it is the attorney general's duty to appear in behalf of the state in these appeals.
The decisions of the district court are approved.
It is so ordered.
ADKINS, BOYD, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., concurs in result only.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
To avoid problems of conflict with various governmental agencies or subdivisions, I would require the governmental agency which initiates the forfeiture proceeding to proceed with the cause on appeal. It appears only fair that the agency that receives *1097 the fruit of the forfeiture should also bear the expense of the legal proceedings.