GRIMES, Acting Chief Judge.
This case involves the responsibility of the State of Florida for the return of a seized motor vehicle following the state’s unsuccessful prosecution of forfeiture proceedings.
Manatee County deputies seized a Dat-sun pickup truck registered in the name of James Bryan Kruysman because of its use in the alleged trafficking of a controlled substance. Forfeiture proceedings under sections 932.701-932.704, Florida Statutes (1983), were instituted in the name of the state for the use and benefit of the Manatee County Sheriff’s Department. The proceedings resulted in a final judgment re *1008 leasing the truck to Kruysman. However, the court refused to award Kruysman money to pay for storage charges incurred while the truck was being held pending the forfeiture proceedings. On appeal this court reversed and held that Kruysman was entitled to have his vehicle returned to him free of any storage costs. See One 1978 Green Datsun Pickup Truck v. State ex rel. Manatee County, 457 So.2d 1060 (Fla. 2d DCA 1984).
After remand, the trial court ordered the release of the truck to Kruysman “free of all costs incurred by the petitioner for maintenance, security or storage.” In the meantime, however, the Manatee County Sheriffs Department had apparently permitted the truck to be sold in order to pay the accrued storage costs. Therefore, Kruysman filed a “supplemental counterclaim” seeking damages for the loss of his truck. The state denied liability and asserted that any responsibility for the loss rested with the sheriff. The court entered final judgment for Kruysman and against the state for $3,067.12, which was the value of the truck, plus attorney’s fees of $1,000. Nine days later the state filed a “motion to alter or amend judgment and motion to dismiss,” asserting for the first time Kruysman’s failure to comply with the notice provisions of section 768.28(6), Florida Statutes (1983), as a condition precedent to his suit against the state. The court denied the state’s motion.
On appeal the state first argues that the liability for the loss of the truck should fall upon the Sheriff of Manatee County as the real party in interest because the state never had possession of the truck and did not authorize its disposition. The state contends that its participation in the forfeiture proceedings amounted to nothing more than acting as the attorney for the seizing agency. Kruysman responds that under the forfeiture statutes the sheriff was acting as the agent of the state and as such the state was properly held responsible for his wrongful act.
The state was a named party in these proceedings and the suit was prosecuted by the state attorney. That the state had an interest in the outcome of the suit is demonstrated by the last sentence of section 932.704(1) which provides:
The final order of forfeiture by the court shall perfect the state’s right and interest in and title to such property and shall relate back to the date of seizure.
Any remaining doubt over the position of the state in forfeiture proceedings was resolved by the case of State v. Bowman, 437 So.2d 1095 (Fla.1983), in which the supreme court passed on whether or not the state was a real party in interest in the appeal of forfeiture proceedings which had been brought by the state for the use and benefit of the Hamilton County Sheriff’s Department. The court ruled that the state’s motion to substitute the sheriff for the state as a party was properly denied because the state had an interest in the proceedings to insure that the operating tools of crime were removed from the hands of criminals.
Thus, it appears that while the Manatee County Sheriff may have ultimately received the truck had the forfeiture been successful, the state was more than nominally involved in these proceedings. Therefore, upon the unsuccessful prosecution of the forfeiture, Kruysman had a right to look to the state for return of the truck. When the truck was not forthcoming, the court properly held the state liable for its value. Nothing herein will preclude the state from seeking reimbursement from the sheriff as in other instances in which one party has been held vicariously liable for acts of another. See Fincher Motor Sales, Inc. v. Lakin, 156 So.2d 672 (Fla. 3d DCA 1963).
The state also argues that Kruys-man could not prosecute his claim against the state because of the failure to first present the claim in writing to the appropriate agency and the Department of Insurance as required by section 768.28(6)(a), Florida Statutes (1983). Kruysman re *1009 sponds by referring to the last sentence of section 768.28(6)(a) which eliminates the requirement of filing a written claim in the case of a counterclaim authorized by section 768.14, Florida Statutes (1983). We find it unnecessary to decide whether suits by the state to which counterclaims may be filed under section 768.14 include an action for forfeiture because we hold that the state waived this defense by not having raised it until after the entry of the final judgment. As explained by our sister court in Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla.1979), now that the legislature has provided for the waiver of sovereign immunity in tort actions, the courts have subject matter jurisdiction to consider suits which fall within the parameters of the statute. While a claimant must allege compliance with section 768.28(6) in order to state a cause of action, the failure to do so does not affect subject matter jurisdiction. Hutchins. Here, the state waived the defense by failing to raise it until after final judgment. Fla.R.Civ.P. 1.140(h).
Finally, the state contends that the court had no authority to order the payment of Kruysman’s attorney’s fees. This point is well taken. The state’s liability for the loss of the truck was clearly a justiciable issue of law, and, in any event, the court did not purport to award attorney’s fees under section 57.105, Florida Statutes (1983). See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982). Otherwise, except in extraordinary circumstances not applicable to this case, attorney’s fees may only be awarded pursuant to a contract or applicable statute or where a fund has been created or brought into court. Colvin v. Homan, 442 So.2d 370 (Fla. 2d DCA 1983).
We reverse the award of attorney’s fees; we affirm the judgment in all other respects.
DANAHY and FRANK, JJ., concur.