498 So.2d 1011 (1986)
BRUCE H. LYNN, M.D., P.A. Petitioner,
v.
Lucille E. MILLER and Anson F. Miller, Respondents.
No. 86-2326.
District Court of Appeal of Florida, Second District.
December 10, 1986.
*1012 Paula M. Walsh of McClain, Saieva and Walsh, P.A., Tampa, for petitioner.
Julian L. Miller, Pinellas Park, for respondents.
HALL, Judge.
Lynn, a defendant in a pending medical malpractice suit below, petitions this court for a writ of certiorari to review an order of the trial court denying Lynn's motion to dismiss.
Respondents filed their complaint against Lynn without first complying with the "notice of intent" requirements of section 768.57, Florida Statutes (1985). Lynn moved to dismiss. The trial court found that section 768.57 was unconstitutional and denied the motion. We have previously held that the statute is constitutional, Pearlstein v. Malunney, ___ So.2d ___, No. 86-2119 (Fla. 2d DCA December 10, 1986) [11 F.L.W. ], and so find that the trial court's order represents a departure from the essential requirements of law. As in Pearlstein, we approve the decision of the Third District Court of Appeal in Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986), including the analogy therein to the similarly worded notice requirements of our sovereign immunity statute. Compliance with the requirements of the statute is a condition precedent to maintaining a suit and one which must be satisfied within the applicable statute of limitations (which, in the case of section 768.57, is tolled during the 90-day presuit screening period). If the limitations period has expired the trial court lacks the authority to abate a premature complaint even if, but for the prefiling notice requirements, that complaint would otherwise have been timely.
The petition for writ of certiorari is granted, and this case is remanded to the trial court for further proceedings consistent with this opinion.
DANAHY, C.J., and LEHAN, J., concur.