545 So.2d 1384 (1989)
Kurt LINDBERG and Mary Lindberg, His Wife, Appellants,
v.
HOSPITAL CORPORATION OF AMERICA, D/B/a Doctor's Hospital of Lake Worth, Robert K.T. Liem, M.D., and Robert K.T. Liem, M.D., P.A., Jaime Alalu, M.D., and Jaime Alalu, M.D., P.A., Bernard Cheong, M.D., and Bernard Cheong, M.D., P.A., Appellees.
No. 87-2098.
District Court of Appeal of Florida, Fourth District.
July 12, 1989.
Law Offices of Thompson and O'Brien, Fort Lauderdale, and Russell S. Bohn, and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for appellee-Hospital Corp. of America d/b/a Doctors Hosp. of Lake Worth.
Scott H. Michaud of Parker, Johnson, Owen & McGuire, P.A., Deerfield Beach, for appellees-Robert K.T. Liem, M.D., and Robert K.T. Liem, M.D., P.A., Bernard Cheong, M.D., and Bernard Cheong, M.D., P.A.
Debra J. Snow and Robert M. Klein of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellees-Jaime Alalu, M.D. and Jaime Alalu, M.D., P.A.
WARNER, Judge.
Kurt and Mary Lindberg appeal the trial court's order dismissing their medical malpractice action against appellees, Hospital Corporation of America, Jamie Alalu, M.D., Robert Liem, M.D. and Bernard Cheong, M.D.
On April 4, 1986, appellants filed a multicount complaint against the above named *1385 defendants alleging medical malpractice in the care and treatment of Kurt Lindberg in April and May of 1984. On the same date the complaint was filed, notices of intent to initiate litigation were sent to each defendant by certified mail in an attempt to comply with section 768.57, Florida Statutes (1985).[1] That statute, enacted in 1985 to address the controversy over medical malpractice suits in the state provides a pre-suit screening process with which a plaintiff and prospective defendant must comply prior to filing a medical malpractice action. It requires in part:
(2) Prior to filing a claim for medical malpractice, a claimant shall serve upon each prospective defendant by certified mail, return receipt requested, a notice of intent to initiate litigation for medical malpractice.
(3)(a) No suit may be filed for a period of 90 days after notice is served upon the prospective defendant, except that this period shall be 180 days if controlled by s. 768.28(6)(a). Reference to the 90-day period includes such extended period. During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period. This procedure shall include one or more of the following:
1. Internal review by a duly qualified claims adjuster;
2. Creation of a panel comprised of an attorney knowledgeable in the prosecution or defense of medical malpractice actions, a health care provider trained in the same or similar medical specialty as the prospective defendant, and a duly qualified claims adjuster;
3. A contractual agreement with a state or local professional society of health care providers, which maintains a medical review committee;
4. Any other similar procedure which fairly and promptly evaluates the pending claim.
Each insurer or self-insurer shall investigate the claim in good faith, and both the claimant and prospective defendant shall cooperate with the insurer in good faith. If the insurer requires, a claimant shall appear before a pretrial screening panel or before a medical review committee, and shall submit to a physical examination, if required. Unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses. There shall be no civil liability for participation in a pretrial screening procedure if done without intentional fraud.
§ 768.57(2)-(3)(a), Fla. Stat. (1985).
It does not appear in the record when the complaints were served on the defendants. However, some six months later the defendants filed motions to dismiss alleging that plaintiffs failed to comply with conditions precedent to the filing of the complaint by failing to comply with section 768.57, Florida Statutes (1985) and by failing to comply with section 768.495(1), Florida Statutes (1985). The motions also alleged that this deprived the court of subject matter jurisdiction and necessitated dismissal. The motions to dismiss were heard before the trial court. At that time, appellants requested leave to amend their complaint to allege compliance with this section if the trial court deemed it necessary. However, the trial court dismissed the cause of action without giving them leave to amend. Appellants have appealed that order.
Appellants contend first, that section 768.57, Florida Statutes (1985) is unconstitutional. Second, because they filed the notice of intent to initiate litigation within the statute of limitations, albeit subsequent to the filing of their suit, under Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985), they claim dismissal with prejudice was error. Finally, appellants contend that if compliance with section 768.57, Florida Statutes (1985) is required in this case, since the notice of intent to litigate was filed in the statute of limitations period, the suit should be abated rather than dismissed with prejudice so *1386 that compliance with section 768.57, Florida Statutes (1985) can occur.
We first reject the claim that section 768.57, Florida Statutes (1985) is unconstitutional and adopt the reasoning of the Second District in Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla. 1987) (Pearlstein I). In passing the comprehensive medical malpractice reform act of 1985, Chapter 85-175, Laws of Florida, the legislature had a valid purpose in insuring the protection of the public, and this statute is neither arbitrary nor lacking any rational basis nor do its restrictions on filing actions violate the "access to the courts" provision of Article I, Section 21 of the Florida Constitution. See Pearlstein I, 500 So.2d at 587.
Secondly, we reject the contention that failure to comply with the condition precedent to suit contained in section 768.57, Florida Statutes (1985) deprives the trial court of subject matter jurisdiction. That section has been frequently analogized to section 768.28(6), Florida Statutes (1987)[2] which requires pre-suit notice to governmental agencies. Such notice is a condition precedent to suit, Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), which must be pled to state a cause of action, but is not fatal to subject matter jurisdiction. See City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985). Recently the Second District has come to the same conclusion with respect to subject matter jurisdiction under section 768.57, Florida Statutes (1985). Solimando v. International Medical Centers, 544 So.2d 1031 (Fla. 2d DCA 1989). We agree and hold that failure to comply with the pre-suit notice of section 768.57, Florida Statutes (1985) does not deprive the court of subject matter jurisdiction.
The question then is whether or not the failure to comply with section 768.57, Florida Statutes (1985) and the ninety day pre-suit screening process prior to filing the complaint is fatal or whether the failure may be corrected by abatement to permit compliance or filing an amended complaint if compliance has occurred. Several of the district courts of Florida have considered the compliance requirements of section 768.57, Florida Statutes (1985). In Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986), the plaintiff instituted a medical malpractice action but failed to serve a notice of intent to litigate on the defendant doctors. In Knuck, the court held that compliance with the statutory requirements was mandatory, was essential to the complaint, and that the plaintiffs' failure to serve the notice of intent to initiate litigation within the limitation period set forth in section 95.11, Florida Statutes (1985), was fatal to the continuation of plaintiffs' suit against the doctors and institutions not receiving timely notice. The Third District therefore granted a writ of prohibition, prohibiting revival of the action against the defendant doctors. In Lynn v. Miller, 498 So.2d 1011 (Fla. 2d DCA 1986), the court held that in line with the Knuck decision, it was essential that compliance with the statutory notice requirements be completed prior to the running of the applicable statute of limitations, and if the limitations period had expired, a prematurely filed complaint could not be abated even if filed within the statutory limitation period. In Nash v. Humana Sun Bay Community Hosp., Inc., 526 So.2d 1036 (Fla. 1988), the Second District, relying on their prior decision in Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988), held that notices of intent to initiate litigation *1387 for medical malpractice served upon the defendant doctor subsequent to the filing of an action which was subsequently dismissed, did comply with section 768.57(2), Florida Statutes (1985) to satisfy the condition precedent of notice in a subsequently filed suit where the notices were served within the statute of limitations.
However, the cases most closely analogous with the instant case are Pearlstein I, 500 So.2d 585, and Malunney v. Pearlstein, 539 So.2d 493 (Fla. 2d DCA 1989) (Pearlstein II). One must read both decisions to discover that in the Pearlstein matters, the suit was filed on January 17, 1986. The complaint failed to allege the required notice of intent to litigate. The notice of intent to litigate was served on February 25, 1986 after the suit was already filed but prior to the expiration of the statute of limitations. In Pearlstein I, the Second District held that although the complaint was filed within the statute of limitations, the mere filing of the complaint did not satisfy the statutory notice requirement. Furthermore, the court in Pearlstein I refused to abate the complaint for ninety days to permit compliance with the statute because it failed to satisfy the statutory notice requirements.[3] Thus, in Pearlstein I the appellate court affirmed the dismissal with prejudice of a complaint where notice was timely filed within the statute of limitations but after filing the complaint. In Pearlstein II the Second District permitted the action because it found that the new complaint alleged statutory compliance prior to the filing of the second complaint. Thus, it would appear that Pearlstein I and Pearlstein II stand for the proposition that the complaint in this case should be dismissed with prejudice, because the notice of intent to litigate was not served prior to the filing of the complaint.
However, when we look to similar statutes, such as sections 768.28(6) and 713.06(3)(d)(1),[4] Florida Statutes (1987), we find that although there are notice requirements as conditions precedent to instituting suits in both of those statutes, the supreme court in each case has permitted the filing of the notice required by section 768.28(6), Florida Statutes (1987) or affidavit under section 713.06(3)(d)(1), Florida Statutes (1985) subsequent to the filing of the complaint so long as the notice or affidavit is filed within the statute of limitations. In Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022-23 (Fla. 1979), the court, in considering section 768.28(6), Florida Statutes (1987) held:
Compliance with that subsection of the statute is clearly a condition precedent to maintaining a suit.... Consequently, the performance of the condition should be alleged in the complaint in accordance with Florida Rule of Civil Procedure 1.120(c)... . Nonetheless, failure of the pleadings in this regard does not call for the dismissal with prejudice. In view of our holdings herein, the third party complaint in each case should have been dismissed with leave to amend.
Using that rational, this court in Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985) permitted the amendment of a complaint to allege compliance where the suit was filed, and notice to the governmental agencies was *1388 given subsequent to the filing of suit but within the statute of limitations period. In doing so, we adopted the reasoning of the Fifth District in Askew v. Volusia County, 450 So.2d 233 (Fla. 5th DCA 1984). This rational was also followed in Wemett v. Duval County, 485 So.2d 892 (Fla. 1st DCA 1986) where the court held that it was error to dismiss a complaint with prejudice where the plaintiff had failed to comply with section 768.28(6)(a), Florida Statutes (1985), prior to filing the suit because the statute of limitations had not yet run at the time of dismissal, and it was therefore possible to comply with the statute prior to the case being barred by the statute of limitations.
Most recently the supreme court, in Holding Electric, Inc. v. Roberts, 530 So.2d 301 (Fla. 1988), held that under section 713.06(3)(d)(1), Florida Statutes (1987), delivery of the contractor's affidavit is not jurisdictional, although it is a prerequisite to maintaining the action and must be completed within the statutory limitation period. Therefore, the trial court has authority to allow the plaintiff to amend, provided the notice is given within the appropriate statute of limitations period. Holding Electric, Inc., 530 So.2d at 303. In their decision, the supreme court also cited with approval Askew v. Volusia County, 450 So.2d 233 (Fla. 5th DCA 1984), and interpreted their decision on Commercial Carrier as permitting the correction of defects in the plaintiff's failure to give timely notice to the Florida Department of Insurance under section 768.28(6), Florida Statutes (1987) by permitting amendment of the complaint. We thus conclude, based upon the foregoing cases, that because the notice in this case was given within the statutory limitation period, and the statute was thus tolled,[5] the trial court could have permitted amendment of the complaint to allege compliance with the statutory prerequisites. Thus, the dismissal should have been granted with leave to amend the complaint.
We are concerned, however, that such a holding strikes at the very heart of the pre-suit screening process. We note that this particular statute is significantly different in its requirements prior to filing suit than either section 768.28, Florida Statutes (1987), to which it is frequently compared in the case law, and section 713.06(3)(d)(1), Florida Statutes (1987). However, we note that under section 768.57(3)(a) "unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses". Thus, there is a remedy still available as a sanction to a party who simply refuses to comply with a pre-suit screening process. Since that was not the ground for dismissal in the instant case, we need not address its application.
We acknowledge express conflict with Pearlstein v. Malunney (Pearlstein I), 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla. 1987), as we now understand the facts of that matter after the issuance of Pearlstein II. We further consider the issue to be one of great public importance and therefore certify the following question to the Supreme Court:
IS THE FAILURE TO FOLLOW THE PRE-SUIT SCREENING PROCESS OF SECTION 768.57, FLORIDA STATUTES, A FATAL JURISDICTIONAL DEFECT OR MAY IT BE CORRECTED BY FOLLOWING THE PROCEDURE SUBSEQUENT TO FILING THE COMPLAINT SO LONG AS THE NOTICE OF INTENT TO LITIGATE IS SERVED WITHIN THE STATUTORY LIMITATIONS PERIOD?
Reversed and remanded.
DELL, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I concur with the result reached in the majority opinion. I also agree with the *1389 discussion of the case authority except for the majority's comment that our holding today "strikes at the heart of the pre-suit screening process" and that section 768.57 is significantly different in its pre-suit requirements from either section 768.28 or section 713.06(3)(d)1. I would adopt the reasoning of the second district in Solimando v. International Medical Centers, 544 So.2d 1031 (Fla. 2d DCA 1989):
A consideration of a similar notice statute supports our conclusion that the notice requirements of section 768.57 are not jurisdictional. Section 768.28(6), Florida Statutes (1987) requires pre-litigation notice to the state, its agencies and subdivisions. We believe the legislative intent is the same for the notice requirements of section 768.57 and the notice requirements of section 768.28(6). That intent is to reduce the number of unnecessary lawsuits by providing the prospective defendant the opportunity to investigate the claim and make a settlement offer, if appropriate.
... In [Manatee County v.] Kruysman, [475 So.2d 1007 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 598 (Fla. 1986)] this court stated that "[w]hile a claimant must allege compliance with section 768.28(6) in order to state a cause of action, the failure to do so does not affect subject matter jurisdiction." Kruysman, 475 So.2d at 1009. We cannot conclude that the legislature has granted a substantive jurisdictional defense to a private sector of the community by way of section 768.57 while denying that same defense to the sovereign.
Id. at 1033-1034 (citations omitted).
Finally, I agree that the question needs to be certified.
NOTES
[1] Now renumbered section 766.106, Florida Statutes by the official reviser.
[2] Section 768.28(6), Florida Statutes provides:

(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; ...
(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.
[3] While the reference in Pearlstein I is to section 768.495, Florida Statutes (1985), the statutory reference is questioned. Pearlstein I states "we cannot authorize revival of the complaint because, as petitioners point out, it fails to satisfy the statutory notice requirements of section 768.495, Florida Statutes (1985) and is subject to timely challenge on these grounds." 500 So.2d at 587. In quoting that phrase in Pearlstein II, the court stated "it fails to satisfy the requirements of section 768.495 [sic], Florida Statutes (1985)." 539 So.2d at 495. It is therefore unclear whether or not the Second District thought it made a mistake in its statutory reference. However, both statutes permit a 90 day period for the plaintiff's attorney to investigate the prospective claim.
[4] Section 713.06(3)(d)(1) provides:

(d) When the final payment under a direct contract becomes due the contractor:
1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full... . The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, ... .
[5] § 768.57(4), Fla. Stat. (1987).