552 So.2d 1113 (1989)
Roland Pierre ANGRAND, et al., Appellants,
v.
Morry FOX, D.O., et al., Appellees.
Nos. 88-468, 88-1115.
District Court of Appeal of Florida, Third District.
September 12, 1989.
Rehearing Denied December 8, 1989.
Horton, Perse & Ginsberg and Arnold Ginsberg, Cohen & Cohen, for appellants.
*1114 Womack, Lombana & Bass and Judy Bass, Stephens, Lynn, Klein & McNicholas and Debra J. Snow, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
Roland Pierre Angrand, as personal representative of his wife's estate, brings these consolidated appeals from two orders dismissing separate but identical actions in a medical malpractice wrongful death case. The grounds assigned were respectively that (a) the first complaint was prematurely filed prior to the expiration of the ninety-day screening and investigation period provided by section 768.57(3)(a), Florida Statutes (1987), and (b) the subsequently filed second complaint was barred by the statute of limitations. We reverse both orders.[1]
Carolyn Angrand died on June 19, 1985, allegedly as a result of the medical malpractice of the defendants-appellees, Drs. Fox, Key, and Harari and Diskin, Porter, Blumenthal & Brown, a partnership formerly known as Emergency Medical Specialists of South Florida, Inc. On June 11, 1987, with eight days remaining in the two-year limitations period, § 95.11(4)(d), Fla. Stat. (1987), the plaintiff secured an "automatic 90-day extension," or tolling of the statute of limitations pursuant to section 768.495(2), Florida Statutes (1987).[2] Approximately a month later, on July 17, 1987, Angrand served ninety-day notices of intent on the defendants under section 768.57(3)(a), Florida Statutes (1987).[3],[4]
Less than ninety days thereafter, on September 8, 1987, Angrand filed the first of his two lawsuits (Angrand I) in the Dade County circuit court. On November 5, 1987, as to one defendant, and on January 27, 1988, as to the others, the trial court pronounced the lawsuit a "nullity" and dismissed the action with prejudice[5] because it had been commenced prior to the conclusion of the ninety-day period under section 768.57(3)(a). The appeal from that ruling is before us as Case no. 88-468.
Meanwhile, the plaintiff refiled the complaint (Angrand II) on December 16, 1987. *1115 This cause was then itself dismissed on the ground that the tolling of the statute of limitations, which began on June 11, 1987, was extended only for ninety days from the filing of the notices of intent, or from July 17, 1987, until October 17, 1987. Thus, according to the defendants and the trial court, it terminated on October 25, 1987, when the eight days remaining in the statutory period expired. The plaintiffs appeal from this order in Case No. 88-1115.

I
We first hold that Angrand I, which was at worst filed prematurely, was not for that reason a nullity and could not properly have been dismissed. It is important to note that prior to its filing on September 8, 1987, due notice had been given to the defendants[6] as required by section 768.57(3)(a); moreover, there is not even a claim that, at that point, the limitations period had run. Thus, the only alleged defect in the complaint was that it was brought too soon.[7] Mere prematurity, which is by definition curable simply by the passage of time is, however, not a proper basis for the outright dismissal of an action. Such a determination has no other effect than to require a refiling which benefits only the clerk by the payment of additional fees. Instead, the proper remedy is an abatement or stay of the claim for the period necessary for its maturation under the law.[8] 1 Am.Jur.2d Abatement, Survival, and Revival, § 4 (1962) ("As a rule, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced, and such premature commencement is a ground for the abatement of the action, even though the cause of action accrues before the trial."); 1 Fla.Jur.2d Actions § 64, at 281 (1977) ("Another ground for abatement of an action is that it is prematurely commenced, that is, that it has been commenced before the accrual of the cause of action, as where, for example, action is commenced on an insurance policy before the expiration of the time allowed by the policy to the insurance company to exercise its option to repair the damage or pay the loss."); see Homestead Fire Ins. Co. v. Andian Corp., 121 Fla. 356, 164 So. 187 (1935); see also Lindberg v. Hospital Corp. of America, 545 So.2d 1384 (Fla. 4th DCA 1989) (abatement pending compliance with notice provisions of § 768.57); Solimando v. International Medical Centers, 544 So.2d 1031 (Fla. 2d DCA 1989) (same). Compare Public Health Trust v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986) (abatement not permissible when notice could not be filed within limitations period). See generally Khouzam, A Review of the Pre-Suit Screening Provisions of the Comprehensive Medical Malpractice Reform Act and Its Interpretation and Application by Florida Courts, 8 Trial Advoc. Q. 85 (July, 1989). As demonstrated also by other analogous cases, there is simply nothing to support the conclusion below that a premature filing is entirely void and may be accorded no legal effect whatever. See Williams v. State, 324 So.2d 74 (Fla. 1975) (notice of appeal prematurely filed before reviewable final judgment deemed to hold over and attach to later judgment); Allied Fidelity Ins. Co. v. State, 384 So.2d 727 (Fla. 3d DCA 1980) (same); Holding Electric, Inc. v. Roberts, 530 So.2d 301 (Fla. 1988) (permitting *1116 abatement pending amendment of mechanic's lien complaint filed without statutory prerequisite of contractor's affidavit). Thus, abatement for the remainder of the ninety-day period was the only appropriate remedy below. In this case, however, even that period had run by the time that the trial court ruled on the motion to dismiss. It could therefore do nothing at that stage but to deny the motion, see Dhondy v. Schimpeler, 528 So.2d 403 (Fla. 3d DCA 1988), review denied, 534 So.2d 401 (Fla. 1988), and reversibly erred by failing to do so.

II
We also find error in the trial judge's termination of Angrand II on limitations grounds. As we have seen, the sole basis of the conclusion that the period had expired is the determination that, although the appellant had secured a ninety-day tolling period under section 768.495(2) on June 11, 1987, a new ninety-day period commenced with the section 768.57 notices on July 17, 1987, so that the latter tolling period ran concurrently with the former one until the latter expired on October 17, 1987. We disagree with this conclusion, for which we find no support in the applicable statutes. Instead, we believe that an independent ninety-day tolling period is provided by each of the two statutes, which are to be added together to yield a total of 180 days. Under this calculation, the limitations period was extended until December 19, 1987, after the filing of Angrand II on December 16.
It is well established that a limitations defense is not favored. O'Malley v. Sims, 51 Ariz. 155, 75 P.2d 50 (1938); Southern Pacific R.R. v. Gonzalez, 48 Ariz. 260, 61 P.2d 377 (1936), and that therefore, any substantial doubt on the question should be resolved by choosing the longer rather than the shorter possible statutory period. Payne v. Ostrus, 50 F.2d 1039 (8th Cir.1931); Hughes v. Reed, 46 F.2d 435 (10th Cir.1931). See generally 51 Am.Jur.2d Limitation of Actions § 63, at 642 (1970). Even without resorting to these rules of construction, however, we reach the indicated result merely by applying the clear terms of the respective statutes.
(a) With respect to section 768.57(3)(a), the second district noted, in Nash v. Humana Sun Bay Community Hosp., Inc., 526 So.2d 1036, 1038 (Fla. 2d DCA 1988), review denied, 531 So.2d 1354 (Fla. 1988), that:
As we stated in Castro, section 768.57(3)(a), Florida Statutes (1985), merely operates to insulate the prospective defendant from a civil action for ninety days after the notice of intent is served and, pursuant to section 768.57(4), Florida Statutes (1985), tolls the statute of limitations for at least ninety days if the notice is timely served within the time limits set forth in section 95.11, Florida Statutes (1985). Clearly, the serving of a notice of intent to initiate litigation does not shorten the regular statute of limitations. [e.s.]
Accord Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988).
(b) Even more plainly, section 768.495(2) provides on its face both for the ninety-day tolling period in question and that "[t]his period shall be in addition to other tolling periods," obviously including the one contained in 768.57(3)(a). In the notable absence of any provision, as the defendants argue, for a simultaneous or concurrent running of the two statutory tolling periods, we must apply their unambiguous language and give them each independent, noncumulative significance. The total of 180 days thus provided renders Angrand II within the limitations period.
For these reasons, we reverse both orders under review and remand for further proceedings consistent herewith.
Reversed.
NOTES
[1] While we understand that the reversal of either order of dismissal would moot the necessity of determining the other one, we deem it appropriate, in the interest of completely disposing of the issues before us, to consider the merits of both appeals. See Woods v. Interstate Realty Corp., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); Clemons v. Flagler Hospital, Inc., 385 So.2d 1134, 1136 n. 3 (Fla. 5th DCA 1980).
[2] Pleading in medical negligence cases; claim for punitive damages. 
* * * * * *
(2) Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
[3] That provision states:

(3)(a) No suit may be filed for a period of 90 days after notice is mailed to the prospective defendant, except that this period shall be 180 days if controlled by s. 768.28(6)(a). Reference to the 90-day period includes such extended period. During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period... .
[4] While service was made on Drs. Fox and Key by certified mail, return receipt requested, as provided in section 768.57(2), Dr. Harari and the Diskin-Porter partnership were served, if at all, only by ordinary mail. It seems clear that a deviation from the mode of service specified in the statute is not fatal to the plaintiff's claim, so long as the defendants in question actually receive the notice. See Phoenix Ins. Co. v. McCormick, 542 So.2d 1030 (Fla. 2d DCA 1989). Any dispute on that issue must be resolved after remand.
[5] Even if  and we find directly to the contrary  the case were properly subject to dismissal under any conditions, there is no doubt that, since it was at best technically deficient as premature, it could not have been dismissed with prejudice, thus supposedly precluding the commencement of a subsequent action. See Lake Lucerne Civic Ass'n v. Dolphin Stadium Corp., 878 F.2d 1360, 1366 n. 7 (11th Cir.1989); Malunney v. Pearlstein, 539 So.2d 493 (Fla. 2d DCA 1989); see also Wemett v. Duval County, 485 So.2d 892 (Fla. 1st DCA 1986).
[6] With the qualification contained in note 4, supra.
[7] It should be noted that the recent, and we think correctly decided, cases hold that a malpractice complaint brought within the statute of limitations is maintainable upon proper amendment even when no notice has been given prior to its commencement and should be abated pending the notice and procedures provided by section 768.57(3)(a). See Lindberg v. Hospital Corp. of America, 545 So.2d 1384 (Fla. 4th DCA 1989); Solimando v. International Medical Centers, 544 So.2d 1031 (Fla. 2d DCA 1989). Compare Public Health Trust v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986). It is not necessary, however, even to reach the validity of these decisions, which involve a fortiori situations to this one, in which notice had been given and the only alleged flaw was that the complaint was filed too early.
[8] The ninety-day period before the commencement of an action provided by this statute is designed to permit the parties to learn each other's position and to engage in reasonable settlement negotiations. There is no reason why this process should be affected by the fact that a complaint has been filed in the interim.