563 So.2d 733 (1990)
Fred CAMPAGNULO a/K/a Fred Camp a/K/a Fred Campo, Appellant,
v.
George WILLIAMS, D.D.S. and Richard E. Trippensee, D.D.S., Appellees.
No. 89-1467.
District Court of Appeal of Florida, Fourth District.
June 6, 1990.
Rehearing, Certification and Rehearing Denied August 2, 1990.
*734 Thomas D. Lardin of Thomas D. Lardin, P.A., Fort Lauderdale, for appellant.
J. Robert Miertschin, Jr., of Law Offices of J. Robert Miertschin, Jr., Hollywood, and Betsy E. Gallagher of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, for Appellee-George Williams, D.D.S.
Rehearing, Certification and Rehearing En Banc Denied August 2, 1990.
POLEN, Judge.
In November 1986 appellant commenced an action in circuit court against appellee for dental malpractice. Appellant alleged that the malpractice occurred in December 1984. Appellee moved to dismiss the complaint in January 1987 on the grounds that the notice requirement of section 768.57, Florida Statutes (1985), applied to malpractice actions against dentists and had not been complied with by appellant. The trial court denied appellee's motion to dismiss in March 1987.
In April 1989, prior to trial, appellee moved for summary judgment on the ground that appellant failed to comply with the pre-filing notice requirements established by section 768.57. Appellant's trial counsel stipulated that he did not serve notice of intent to file suit. In May 1989 the trial court granted appellee final summary judgment finding that the appellant did not file notice of intent to file litigation and entered judgment in favor of appellee.
After oral argument, this court ordered the parties to brief two additional issues concerning the constitutionality of section 768.57, its retroactive application and the availability of abatement in order to allow compliance with that statute. After careful review of the arguments presented, we now affirm in part and reverse and remand in part.
In Lindberg v. Hospital Corp. of America, 545 So.2d 1384 (Fla. 4th DCA 1989), this court upheld the constitutionality of section 768.57, Florida Statutes (1985). We wrote: "In passing the comprehensive medical malpractice reform act of 1985 ... the legislature had a valid purpose in insuring the protection of the public... ." Id. at 1386.
We further concluded that the statute did not violate the "access to the courts" provision of Article I, Section 21, Florida Constitution.
In this appeal, Campagnulo argues that section 768.57(3)(a), Florida Statutes (1985), is unconstitutional since it is procedural and does not affect substantive malpractice in any way other than how the matter is brought to trial. Thus, he claims this statute impinges upon the rulemaking authority of the supreme court. We disagree.
If a statute governs a substantive right or sets the bounds of a substantive right, then the statute is within the power of the legislature and therefore constitutional. VanBibber v. Hartford Accident and Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983). In VanBibber, the supreme court determined that section 627.7262, Florida Statutes (Supp. 1982), is substantive because it conditions the arising of a cause of action. The courts have consistently held that the pre-suit notice pursuant to section 768.57 is a condition precedent, which must be pled in order to state a cause of action. Lindberg; Solimando v. International Medical Centers, 544 So.2d 1031 (Fla. 2d DCA 1989), review dismissed, 549 So.2d 1013 (Fla. 1989). Thus, the pre-suit notice similarly governs the arising of a cause of action and is substantive. Therefore it was within the power of the legislature and therefore constitutional.
We also conclude that the appellant's vested rights are not affected by the pre-suit requirements of the statute and therefore not subject to retroactive impairment. See, e.g., In Re Will of Martell, 457 So.2d 1064 (Fla. 2d DCA 1984) (right must be more than a mere expectancy for it to be vested and not subject to retroactive impairment). The notice requirement did not *735 affect appellant's right to bring a malpractice action or the value of that action if brought. Section 768.57(3)(a) simply required appellant to file notice ninety days prior to the institution of a malpractice action.
In MacRae v. Cessna Aircraft Co., 457 So.2d 1093 (Fla. 1st DCA 1984), review denied, 467 So.2d 1000 (Fla. 1985), the district court addressed the constitutionality of a statute of limitations which retroactively shortened the time allowed by statute within which to file suit. The court upheld the constitutionality of the statute because there was reasonable and ample time within which the plaintiff could bring suit.
We find MacRae dispositive since appellant had over fourteen months from the effective date of the statute within which to comply with section 768.57(3)(a) and bring suit. Accordingly, we affirm Point I on appeal.
Appellant's second point on appeal has merit. In his supplemental brief, Campagnulo contends that this court's decision in Lindberg mandates that the trial court must allow him to amend his complaint to allege compliance even though there was no compliance at the time the lawsuit was filed.
Appellee responds citing Public Health Trust of Dade Co. v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986), and Lynn v. Miller, 498 So.2d 1011 (Fla. 2d DCA 1986), for the proposition that abatement is not permissible after the statute of limitations has run. Appellee cites Lindberg for the same support.
On one hand, appellant reads the Lindberg decision too broadly. On the other hand, a close reading of Knuck indicates that it stands for the proposition that abatement is not permissible when notice could not be filed within the limitations period. In the instant case, notice could have been filed within the limitations period but for the fact that the motion to dismiss was not heard until after the period of limitations had run.
Recently, the Third District agreed with this court's Lindberg decision in Angrand v. Fox, D.O., 552 So.2d 1113 n. 7 (Fla. 3d DCA 1989). Angrand involved a case where plaintiff filed his suit prematurely prior to the running of the ninety day notice period. The court stated:
It should be noted that the recent, and we think correctly decided cases, hold that a malpractice complaint brought within the statute of limitations is maintainable upon proper amendment even when no notice has been given prior to its commencement and should be abated pending notice and procedures provided by section 768.57(3)(a). (Citations omitted.)
Id. at 1115.
It is clear that if the trial court abated the action and allowed appellant to allege compliance, then the statute of limitations would have been tolled for ninety days in order to encourage the resolution of the claim. Moreover, if the parties extended the ninety day period, as provided by the statute, they could have extended the statute of limitations by 180 days. Rhodes v. S.W. Florida Regional Medical Center, 554 So.2d 1188 (Fla. 2d DCA 1989); Nash v. Humana Sun Bay Hospital, Inc., 526 So.2d 1036 (Fla. 2d DCA 1988), review denied, 531 So.2d 1354 (Fla. 1988). Therefore, on remand the trial court should allow appellant to amend his complaint in order to allege compliance with section 768.57(3)(a). If appellant unreasonably fails to comply with the statute, the trial court may either dismiss appellant's claims or defenses.
Finally, we reject appellant's argument that section 768.57, Florida Statutes (1985), does not apply to dentists. Berry v. Orr, 537 So.2d 1014 (Fla. 3d DCA), review denied, 545 So.2d 1368 (Fla. 1989), appeal after remand, 546 So.2d 14 (Fla. 3d DCA 1989); McDonald v. McIver, 514 So.2d 1151 (Fla. 2d DCA 1987).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL and WALDEN, JJ., concur.