SUAREZ, J.
 

 Banner Supply Company (“Banner”) petitions for a writ of certiorari to quash the trial court’s order denying Banner’s motion to abate or, in the alternative, for a writ of mandamus directing the trial court to fulfill a mandatory duty to abate the proceedings below. We deny the petition for certiorari as well as the alternative petition for a writ of mandamus.
 

 The claimants below (“Harrells”) filed the initial complaint on February 3, 2009, as a putative class action suit seeking damages allegedly arising out of construction using defective drywall imported from China.
 
 [1]
 
 The initial complaint asserted claims for personal injury due to alleged defective drywall. It did not assert a claim for property damage due to the defective drywall.
 
 [2]
 
 Although Chapter 558 does not apply to claims for personal injury, the Har-rells simultaneously served Banner with a letter advising it of notice of claim under Chapter 558 of the Florida Statutes. On March 17, 2009, the Harrells filed an amended complaint asserting a claim for property damage due to the alleged defective drywall, to which Chapter 558 does apply. Banner Supply filed a motion to abate pursuant to Chapter 558, which was denied by the trial court judge.
 
 [3]
 
 Based on the facts of this case, we adopt the trial court’s reasoning and deny the petition for certiorari.
 

 The record shows that the Harrells failed to follow the statutory requirements of notice and opportunity to inspect prior to filing suit.
 
 [4]
 

 [5]
 
 They gave separate “no
 
 *100
 
 tice” at time of filing the initial complaint, which claims were not subject to Chapter 558. Although the Harrells invited inspection, Banner Supply did nothing to attempt to comply with the noticed statute and to inspect the property. Forty-two days later, the Harrells amended their initial complaint to include a claim for property damages due to the alleged defective dry wall thereby invoking Chapter 558, but without giving the statutorily required sixty days notice prior to filing the amended complaint. Banner Supply, again, did nothing to comply with Chapter 558 in response to the amended complaint. It did not seek to inspect or negotiate a resolution. All it did was file a motion to abate and wait until the hearing. By the time Banner’s motion to abate was heard by the trial court on July 1, 2009, more than sixty days had passed since the amended complaint was filed and the trial court determined, and we agree, that abatement would have been futile. Banner Supply had the opportunity to comply with the requirements of Chapter 558 and was given the opportunity by the Harrells to timely inspect and it chose not to do so. Abatement, at that point, would have been futile.
 
 [6]
 

 See generally Angrand v. Fox,
 
 552 So.2d 1113 (Fla. 3d DCA 1989). Petition for certiorari denied.
 

 [1]
 

 . The Harrells served the initial Complaint on several entities, alleging breach of contract, express warranty and habitability, violation of the Magnuson-Moss Warranty Act and Florida's Deceptive and Unfair Trade Practices Act, strict product liability, and negligence. Banner, one of the named defendants, is the supplier of the allegedly defective drywall.
 

 [2]
 

 .
 
 See
 
 §§ 558.001-005, Fla. Stat. (2008) (controlling litigation arising from construction defects).
 

 [3]
 

 .
 
 See
 
 § 558.003, Fla. Stat. (2008) (“A claimant may not file an action subject to this chapter without first complying with the requirements of this chapter. If a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall stay the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements. The notice requirement is not intended to interfere with an owner's ability to complete a project that has not been substantially completed. The notice is not required for a project that has not reached the stage of completion of the building or improvement.'').
 

 [4]
 

 .None of the statutory time and notice requirements were met by the parties involved.
 
 See generally
 
 §§ 558.004(1) — (15) Fla. Stat., (2008) ("(1) In actions brought alleging a construction defect, the claimant
 
 shall, at least 60 days before filing any action, ...
 
 serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter....; (2)
 
 Within 30 days after service of the notice of claim, ...
 
 the person served with the notice of claim under subsection (1) is
 
 entitled to perform a reasonable inspection of the property
 
 or of each unit subject to the claim to assess each alleged construction defect.... ;(3)
 
 Within 10 days after service of the notice of claim, ...
 
 the person served with notice under subsection (1)
 
 may serve a copy of the notice of claim to each contractor, subcontractor, supplier, or design professional whom it reasonably believes is responsible for each defect specified in the notice of claim and shall note the specific defect for which it believes the particular contractor, subcontractor, supplier, or design professional is responsible. ...;
 
 (4) Within 15 days after service of a copy of the notice of claim pursuant to subsection (3), ...
 
 the contractor, subcontractor, supplier, or design professional must serve a written response to the person who served a copy of the notice of claim.
 
 The
 
 *100
 
 written response
 
 shall include a report,
 
 if any, of the scope of any inspection of the property, the findings and results of the inspection, a statement of whether the contractor, subcontractor, supplier, or design professional is willing to make repairs to the property or whether such claim is disputed, a description of any repairs they are willing to make to remedy the alleged construction defect, and a timetable for the completion of such repairs.”).[e.s.]
 

 [5]
 

 . The contractor (not Banner) failed to correctly set forth notice to the consumer in its contract pursuant to § 558.005(2)(b), Fla. Stat. (2008), which states that *‘[f]or a claim of a construction defect pursuant to contracts for improvement entered into as described in this subsection, the following applicable notices are required: ... (b) Between October 1, 2006, and September 30, 2009, which contract contains the notice set forth in paragraph (3)(b) and is conspicuously set forth in capitalized letters."
 

 [6]
 

 . We do not reach the issue of whether Chapter 558 even applies to the current case.