PER CURIAM.
Two causes, consolidated for purposes of the briefs and oral argument, have been brought before this court via the avenue of petitions for “common-law” writs of certiorari. The petitioner was the defendant in the first action, case no. 3622 in this court, G. S. Whiting v. Flagler Federal Savings and Loan Association of Miami, while in the second action, case no. 3623 here, Flagler Federal Savings and Loan Association of Miami v. Harris Standard Paint Company, petitioner was plaintiff. In each instance, the petitioner seeks to have reviewed and quashed an order of the circuit court for Broward County, Florida, rendered September 25, 1962, the substance and the effect of which is to deny a motion of petitioner, Flagler Federal Savings and Loan Association of Miami, seeking to consolidate for trial the cases above mentioned. Without dispute, these cases are actions at law, and the order sought to be upset is an interlocutory one. The parties in the two suits are not wholly identical. Under the pleadings, certain theories set up in the second suit are materially different from any in the first suit. Because of this, the nature of the proof required under the second suit would also be different and could require different jury instructions.
The common-law writ of certi-orari is a discretionary writ and ordinarily will not be allowed by an appellate court to review an order in an action at law. This is so, because such an order may be corrected through the method of appeal. PIow-eVer, it is only in exceptional cases, such as those where the lower court acts without or in excess of its jurisdiction, or where an interlocutory order does not conform to essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, that an appellate court will exercise discretionary power to issue such writ. See Kauffman v. King, Fla.1956, 89 So.2d 24.
We fail to find that the remedy of certiorari should be employed to assault the interlocutory order. Consequently, each petition is denied.
ALLEN, Acting C. J., and KANNER and SMITH, JJ„ concur.