JOHNSON, Judge.
After his arraignment and preliminary hearing on charges of possession of marijuana, petitioner moved to suppress as evidence all tangible items of property and other evidence seized by the State or its agents from petitioner on his boat, alleging as grounds therefor that said evidence was the result of an unreasonable search and seizure. The trial judge denied the motion to suppress and this petition for a writ of certiorari seeks to have said order of denial reviewed.
Before proceeding to the merits of the petition, the State contended that the admissibility of the challenged evidence should more appropriately be challenged by direct appeal, if and when the petitioner is convicted. We agree.
*459 As stated in Simpson v. Broward County, 241 So.2d 193, 194 (Fla.App. 4th, 1970):
“Generally speaking, the discretionary writ of certiorari will be granted to review an interlocutory order (not otherwise reviewable by interlocutory appeal) only in those cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment.” (Citations omitted)..
Petitioner has not demonstrated that he will be denied a full, adequate and complete remedy by appeal after final judgment.
For the reasons hereinabove stated, we hereby deny the petition for a writ of cer-tiorari, but said denial is without prejudice to the right of petitioner to seek appellate review of the order challenged herein on appeal from the final judgment, should he so desire.
Petition denied.
SPECTOR, C. J., and WIGGINTON, J„ concur.