287 So.2d 376 (1973)
Francis E. WRIGHT, Petitioner,
v.
STERLING DRUGS, INC., etc., Respondent.
No. 73-656.
District Court of Appeal of Florida, Second District.
December 14, 1973.
Rehearing Denied January 21, 1974.
William F. Blews, St. Petersburg, and Edward B. Rood, of Rood & Charlton, Tampa, for petitioner.
Robert F. Nunez, St. Petersburg, for respondent.
John R. Bush, Macfarlane, Ferguson, Allison & Kelly, Tampa, for amicus curiae.
GRIMES, Judge.
This is a Petition for Writ of Certiorari seeking review of an order setting aside a final judgment entered after default.
Common law certiorari lies only in exceptional cases such as those where the lower court acts without or in excess of its jurisdiction or where an interlocutory order does not conform to essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal would be inadequate. Kauffman v. King, Fla. 1956, 89 So.2d 24; Flagler Federl Savings and Loan Ass'n v. Whiting, Fla.App. 1963, 148 So.2d 555.
The incurring of the expense of a trial on the merits has been held not to constitute material or irreparable injury. R.J. Brown, Inc. v. Seminerio, Fla.App. 1971, 246 So.2d 629. Were it not so, many interlocutory orders entered in cases formerly *377 cognizable at law would be subject to review by certiorari. This would result in an unseemly intrusion into the progress of the case in the trial court.
While the order vacating the final judgment and default could have been reviewed by interlocutory appeal,[1] this court is powerless to consider a petition for writ of certiorari as an appeal. See Norman v. Pinellas County, Fla.App. 1971, 250 So.2d 279.
The petition for writ of certiorari is denied without prejudice to the right of petitioner to seek review of the matters contained therein by way of appeal from the final judgment.
HOBSON, Acting C.J., and JOHNSON, W. CLAYTON, Associate Judge, concur.
NOTES
[1] Bland v. Mitchell, Fla. 1970, 245 So.2d 47.