SCHEB, Judge.
In its appellate capacity, the circuit court directed its writ of certiorari to the county court in Sarasota County in respect to misdemeanor charges pending in that court. While the writ permitted the state to proceed to trial on a 200-count information charging the respondents herein, Morey and King’s Gate, with violating Sarasota County Ordinance No. 74-48, which prohibits removal of trees without a permit, it nevertheless, stipulated that “ . . .if there is a conviction and a sentence thereon, there shall be only one sentence for each convicted defendant and for only a single violation of the alleged ordinance.” The state now petitions this court for certiorari. We hold the circuit court erred in prematurely determining the charges pending against Morey and King’s Gate would constitute a single transaction for sentencing purposes. We grant the state’s petition for certiorari.
On June 18, 1976, Morey and King’s Gate were charged by a 200-count information which alleged their removal of trees was “not in compliance with the previously issued permit.” The 200 trees were all allegedly removed on the same day and in connection with the same development. Morey and King’s Gate, as defendants in county court, moved that court for dismissal of the information on the grounds that the ordinance was unconstitutionally discriminatory. When the county court denied that motion, they petitioned the circuit court for a writ of certiorari contending the county’s ordinance was unconstitutional and that the petitioners (Morey and King’s Gate) were to be subjected to a lengthy trial which would result in an enormous cost and serve no useful purpose. Further, they contended the evidence taken before the county court on their motion established they had acted properly under the permit issued to them by the County of Sarasota.
At the hearing in the circuit court, the state contended that the court should not rule on the constitutional question in advance of trial because appeal would be an adequate remedy if any convictions resulted. The circuit judge responded by asking the state whether the single transaction rule would apply to any sentence which could be imposed. The state explained that each count of the information carried the prospect of a one-year sentence and five hundred dollar fine, and that the judge of the county court would not be bound in any sentence he might impose by the single transaction rule. At this point the circuit judge stated that he would not rule on any constitutional issues, but ruled that if there was a conviction and sentence, there could be only one sentence imposed on each of the defendants.
After the circuit court entered its order holding that only a single sentence could be imposed, the state sought a writ of certiora-ri from this court contending the circuit court, in so ruling, exceeded its jurisdiction and departed from the essential requirements of the law.
We make no ruling on whether the single transaction rule should apply to the facts of this case. The single transaction rule first comes into play at time of sentence, State v. Peavey, 326 So.2d 461 (Fla.2d DCA 1975), since by its nature its applicability is dependent upon the factual context of the offenses. If an incorrect ruling on its applicability prejudices either defendant, an appeal to the circuit court *1141 will be an adequate remedy. The scope of certiorari must be confined to a limited review of the proceedings of the inferior jurisdiction whose actions are challenged. It is an original action' in the sense that the subject matter of suit or proceedings which it brings before the court- are not there reinvestigated, tried and determined upon the merits generally as upon an appeal. State v. Smith, 118 So.2d 792 (Fla.1st DCA 1960). Admittedly, Smith dealt with a post-appeal petition for certiorari; however, we think the principle of narrowness of inquiry relates also to the role of the court on certiorari pending a trial before another court. Here, Morey and King’s Gate did not raise the single transaction rule by their petition for certiorari, and the circuit court clearly departed from the essential requirements of law when it prematurely resolved the issue that if Morey and King’s Gate were convicted, the county court could only impose sentences on basis that the offenses of each defendant would constitute only a single transaction.
We must also reject contentions by Morey and King’s Gate that certiorari lies because of the rigors and expense of a trial of a cause where there is a question of constitutionality of the ordinance under which they are charged. Certiorari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioner who seeks the writ from the expense and inconvenience of a trial, Wright v. Sterling Drugs, 287 So.2d 376 (Fla.2d DCA 1973); Smith v. State, 187 So.2d 61 (Fla.2d DCA 1966); Earnest v. State, 253 So.2d 458 (Fla.1st DCA 1971).[1] Morey and King’s Gate did not demonstrate that the county court had exceeded its jurisdiction or departed from the essential requirements of the law or that, if convicted, that appeal would not afford each defendant a proper remedy for determining constitutionality of the ordinance. We believe, therefore, the circuit court, sitting as an appellate court, exercised sound judgment in declining to rule on the constitutionality of Ordinance 74-48, and by allowing the trial to proceed in county court.
We hold that the circuit court’s order limiting the county court, at this stage, from making a determination of whether more than a single transaction was involved was premature, beyond the scope of relief sought on certiorari, and was itself an order which departed from the essential requirements of the law, and one from which the state will have no adequate remedy by appeal.
Accordingly, so much of the circuit court’s order of September 2,1976, as states “if there is a conviction and a sentence thereon, there shall be only one sentence for each convicted Defendant and for only a single violation of the alleged ordinance.” is quashed.
BOARDMAN, A. C. J., and GRIMES, J., concur.

. We are not unaware that in State ex rel. Christian v. Rudd, 302 So.2d 821 (Fla.1st DCA 1974), the First District, in granting a writ of certiorari in a criminal case, stated:
“Should we now refuse to act, deferring consideration until an appeal following trial should there be a conviction, the only practical result would be the great expense of time and money incurred by the Relator as well as the public.”
While the Supreme Court quashed portions of that decision, it wrote:
“Under the circumstances of this particular case, we cannot say that the District Court of Appeal abuses its discretion in issuing the common law writ of certiorari.” 310 So.2d 295, 297 (Fla. 1975)
In Rudd, the court issued its writ on the grounds that the indictment against the defendant was void. We do not think that Rudd was meant to alter the general policy of the courts of this state that certiorari will not be used to grant piecemeal review of either civil or criminal cases. We are unaware of any recent case squarely holding that the expense or inconvenience of trial are sufficient reasons to justify issuance of the writ. If certiorari is ever proper for such a purpose, it must be reserved to correct only the most flagrant abuses by the trial court.