351 So.2d 759 (1977)
George WHITESIDE and Nationwide Mutual Insurance Company, Petitioners,
v.
Joann JOHNSON and Joseph R. Johnson, Respondents.
No. 77-1315.
District Court of Appeal of Florida, Second District.
November 9, 1977.
*760 William E. Partridge of Dart, Dickinson, O'Riorden, Gibbons & Quale, P.A., Sarasota, for petitioners.
Michael R. Karp of Wood, Whitesell & Karp, P.A., Sarasota, for respondents.
PER CURIAM.
Petitioners herein make a rather persuasive argument for the proposition that the trial court erroneously denied their motion to dismiss respondents' complaint on the ground that it is barred by the statute of limitations. However, we decline to issue our discretionary common law writ of certiorari because there is a full, adequate and complete remedy available to petitioners by appeal after final judgment, should a final judgment adverse to petitioners ultimately be entered herein. Robinson v. Klein, 350 So.2d 124 (Fla.2d DCA 1977); Employers Fire Insurance Company v. Blanchard, 234 So.2d 381 (Fla.2d DCA 1970); Gulf Cities Gas Corporation v. Cihak, 201 So.2d 250 (Fla.2d DCA 1967). See generally, Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207 (1977) and the cases cited therein. Certiorari is not designed to serve as a writ of expediency and should not be granted merely to relieve the petitioners seeking the writ from the expense and inconvenience of a trial. State v. Morey, 339 So.2d 1139 (Fla. App. 1976); Wright v. Sterling Drugs, Inc., 287 So.2d 376 (Fla.2d DCA 1973).
Accordingly, the petition for writ of certiorari is denied without prejudice to the right of petitioners to seek review of the matters contained therein by way of appeal from final judgment.
HOBSON, Acting C.J., and GRIMES and RYDER, JJ., concur.