GLICKSTEIN, Judge.
This is an appeal by the plaintiff from a summary final judgment entered in favor of the appellee-hospital, one of several defendants in the plaintiffs action for medical malpractice based upon alleged negligent failure to diagnose a malignant melanoma. We affirm.
The plaintiff discovered the malignant melanoma on February 9,1984, from which time she admits the statute of limitations began to run. On February 3, 1986, she filed her notice of intent to initiate litigation against Gateway Hospital and the other defendants pursuant to section 768.57(4), Florida Statutes (1985), then filed her initial complaint on August 20, 1986.
Appellee’s successful motion for summary judgment asserted two grounds: (1) a bar of the claim due to the expiration of the statute of limitations; and (2) the alleged failure of the plaintiff to file a complaint within sixty days of the expiration of the ninety-day pretrial screening period pursuant to section 768.57, Florida Statutes (1985).
This appeal involves the interpretation of two sections of the Comprehensive Medical Malpractice Reform Act of 1985. The issue raised is whether an extension of the ninety day pre-suit screening period for negotiations with some defendants tolls the statute of limitations as to all defendants involved in the medical malpractice action. We conclude that it does not.
Appellant has failed to persuade us that any pertinent distinction exists between the facts of this case and those in Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986). We agree with the conclusion our companion court reached in its interpretation of the subject statute and hold that the procedures set forth in section 768.57 are to be followed for each defendant. The Knuck decision has been approved in Bruce H. Lynn, M.D., P.A. v. Miller, 498 So.2d 1011 (Fla. 2d DCA 1986).
Neither the issue raised in Bondurant v. Geeker, 499 So.2d 909 (Fla. 1st DCA 1986), rev. dismissed, 515 So.2d 214 (Fla.1987), as to the appropriateness of prohibition, nor in Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla.1987), as to the constitutionality of the statute, is involved here.
We would be remiss, notwithstanding the foregoing, were we not to express our concern for the inconsistencies in remedies available to injured parties by the constant changes in medical malpractice statutes. Like ocean waters, the legislature moves in the direction in which the wind blows.
LETTS and DELL, JJ., concur.