632 So.2d 114 (1994)
MIAMI PHYSICAL THERAPY ASSOCIATES, INC., et al., Petitioners,
v.
James SAVAGE, Respondent.
No. 92-1979.
District Court of Appeal of Florida, Third District.
February 8, 1994.
*115 Cohen Berke Bernstein Brodie Kondell & Laszlo and Jeanne K. Spital and John C. Hanson, II, Miami, for petitioners.
Perse & Ginsberg and Arnold Ginsberg, Carroll Halberg Klitzner & Jones, Miami, for respondent.
Before NESBITT, JORGENSON and COPE, JJ.
JORGENSON, Judge.
Miami Physical Therapy Associates, Inc., and Marcie Howkins, P.T., appeal from a nonfinal order denying their motion to dismiss for lack of subject matter jurisdiction. We treat the appeal as a Petition for Writ of Common Law Certiorari, and for the following reasons, grant the petition and quash the order under review.[1]
James Savage sued appellants on June 4, 1992, alleging that he was injured by their negligent provision of physical therapy on June 7, 1990. However, prior to filing the complaint, Savage did not comply with the presuit screening requirements for medical malpractice actions required by section 766.106, Florida Statutes. Defendants moved to dismiss for failure to comply with section 766.106; the trial court denied the motion.
The order denying the motion to dismiss is neither a final order nor an appealable nonfinal order as provided in Fla. R.App.P. 9.130. DCA of Hialeah, Inc. v. Lago Grande One Condominium Ass'n, 559 So.2d 1178 (Fla. 3d DCA 1990); Page v. Ezell, 452 So.2d 582 (Fla. 3d DCA 1984). Certiorari review generally does not lie to review the denial of a motion to dismiss. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987). Moreover, the mere expense and inconvenience of litigation does not constitute harm sufficient to permit certiorari review, even if the order departs from the essential requirements of the law. Martin-Johnson, 509 So.2d at 1100. However, the Second District has held that certiorari is the proper method to test an order denying a motion to dismiss for failure to comply with the presuit notice requirement of section 766.106. NME Properties, Inc. v. McCullough, 590 So.2d 439, 440 (Fla. 2d DCA 1991); NME Hospitals, Inc. v. Azzariti, 573 So.2d 173 (Fla. 2d DCA 1991); Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla. 1987). The court reasoned in Pearlstein that where a trial court erred in failing to dismiss a medical malpractice complaint for failure to comply with presuit notice requirements, the error complained of could not be adequately remedied on appeal. Pearlstein, 500 So.2d at 587. Early intervention was necessary, in *116 its view, to comply with the legislature's "perception of urgency" in enacting medical malpractice reform. Id. at 588. We join the Second District and hold that, in this narrow context, we have certiorari jurisdiction to review the denial of a motion to dismiss for failure to comply with the presuit conditions of section 766.106. We caution litigants, however, that in other contexts we adhere to the rule that an order denying a motion to dismiss can neither be appealed nor reviewed by certiorari. To allow certiorari review of all such orders "would make meaningless the deliberate omission of this non-final order from those appealable under the appellate rules." Southwinds Riding Academy v. Schneider, 507 So.2d 782, 784 (Fla. 3d DCA 1987).
On the merits, we hold that the order denying the motion to dismiss departed from the essential requirements of the law. "[F]ailure to timely file a notice as required by section 768.57[2] within the statute of limitations period requires dismissal" of the action. Williams v. Campagnulo, 588 So.2d 982 (Fla. 1991) (footnote ours). It is undisputed that Savage did not timely comply with section 766.106.[3]
Accordingly, having treated the appeal as a Petition for Common Law Certiorari, we grant the petition, quash the order under review, and remand with directions to enter an order of dismissal.
COPE, J., concurs.
NESBITT, Judge (dissenting):
I respectfully dissent. Today, the court quashes a trial court order denying the defendant's motion to dismiss for failure of the plaintiffs to comply with pre-suit notice requirements established by section 766.106, Florida Statutes. We regularly and unhesitatingly deny like petitions for common law certiorari challenging orders denying motions to dismiss for failure to state a cause of action, notwithstanding the acknowledged fact that review by way of common law certiorari would obviously be more efficient, less expensive and require less judicial labor. The court's opinion contains a plethora of authority to support this view.
I believe the court's reliance on Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla. 1987) is misplaced. In my view, the reasoning of the Pearlstein case is patently flawed. There the court granted common law certiorari and found irreparable injury to the petitioner on the perceived assumption that in the appeal of any adverse final judgment the defendants might not prevail because of some equitable consideration militating on behalf of the plaintiffs. Surely if the plaintiffs recover a money judgment against the defendants and there has been no compliance with the pre-suit notice requirement, which the court today tells us is mandatory, we should reverse the judgment for that reason alone.
In Pearlstein, the court also suggested that it perceived the legislative intent of the court to grant common law certiorari under such circumstances. The fault with that view is that determination as to whether an interlocutory order is immediately reviewable is under the Florida Constitution solely a determination to be made by the Florida Supreme Court. R.J.B. v. State, 408 So.2d 1048 (Fla. 1982). Should the Supreme Court determine that this class of interlocutory order is directly reviewable, then it may amend Florida Rule of Appellate Procedure 9.130 to so provide.
Ultimately, the definition of common law certiorari emanates from the Florida Supreme Court. In the comparatively recent decision in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987), the court employed the traditional restrictive goal of common law certiorari under similar circumstances. *117 A reading of the opinion of the court in Martin-Johnson cautions district courts against the unwarranted use of the remedy except under the most cogent and unusual circumstances, and then only when the injury is irremediable.
I would dismiss the petition without prejudice to the petitioner's right to review the order by plenary appeal following an adverse final judgment.
NOTES
[1] This court formerly reviewed such an order by way of a Petition for Writ of Prohibition. See, e.g., Public Health Trust v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986). However, the Florida Supreme Court has held that failure to comply with the presuit notice requirements when bringing a medical malpractice action does not divest the trial court of subject matter jurisdiction. Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla. 1990). In light of Lindberg, prohibition is no longer the appropriate vehicle to review such an order.
[2] Section 768.57 has been renumbered to section 766.106, Florida Statutes.
[3] Savage attempted to comply belatedly with section 766.106 by filing the required Notice of Intent to Initiate Litigation over three months after the two-year statute of limitations period had expired. However, as our supreme court made clear in Williams, although a malpractice plaintiff may comply with the pre-suit notice requirements after filing the complaint, the required notice still must be given within the limitations period.