655 So.2d 1265 (1995)
Jeffrey COHEN, M.D., et al., Petitioners,
v.
David DeYOUNG, etc., Respondent.
No. 95-990.
District Court of Appeal of Florida, Fifth District.
June 2, 1995.
*1266 D. Andrew DeBevoise and Tyler S. McClay, of Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise & Le Clainche, P.A., Orlando, for petitioners.
No appearance for respondent.
W. SHARP, Judge.
Jeffrey Cohen and Internal Medicine Specialist, P.A., petitioners, ask this court to issue a writ of certiorari to overturn the trial court's order striking an affirmative defense they asserted in a medical malpractice case. Petitioners are the defendants and David DeYoung, (as personal representative of the estate of Shally Ann DeYoung, deceased) the respondent, is the plaintiff in the suit below. We deny the writ.
DeYoung sent Cohen a notice of intent to initiate litigation pursuant to the medical malpractice statute.[1] At the end of the presuit period, Cohen requested voluntary binding arbitration to determine damages. See § 766.207, et seq. DeYoung rejected the offer to arbitrate and filed suit.
In their answer, Cohen asserted, as an affirmative defense, that they were entitled to the damages cap set forth in sections 766.207 and 766.209, Florida Statutes. DeYoung asserted that Cohen did not comply with the requirements of the pre-screening suit provisions of the statute so as to entitle them to assert the statutory cap. DeYoung filed a motion for summary judgment or motion to strike affirmative defenses. The trial court struck Cohen's affirmative defense of entitlement to the statutory cap on damages.
Non-final orders striking affirmative defenses can normally be adequately reviewed on direct appeal, and thus they are not subject to certiorari review. Manatee County v. Estech General Chemicals Corp., 402 So.2d 75 (Fla. 2d DCA 1981); Butterworth v. PERC, 382 So.2d 859 (Fla. 4th DCA 1980).
Cohen argues that cases like Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986) are precedent for certiorari review in this case. In Pearlstein, the trial court denied a motion to dismiss a complaint which was based on the plaintiff's failure to provide notice of intent to sue prior to filing suit. The court in that case said certiorari review was appropriate because otherwise the defendant would suffer irreparable harm, contrary to a benefit (notice) intended by the *1267 Legislature. If the defendant had to go to trial and the plaintiff prevailed, and the judgment were appealed, the appellate court could decide no useful purpose would be served in reversing and remanding to follow the statute. Thus no effective appellate remedy existed.
However, in this case, the affirmative defense asserted is different from the condition precedent to suit involved in Pearlstein, and other cases relied upon by Cohen in this case. The defense asserted here is primarily a limitation on damages. It is not a defense to the underlying suit or a condition which must be met prior to filing suit. No irreparable harm not curable on appeal is involved in this case. The striking of the affirmative defense can be remedied by a direct appeal, without any loss to Cohen of any benefit intended by the Legislature, pursuant to sections 766.206 and 766.209, Fla.Statutes. The statutory limitation in this case relates only to the amount of damages recoverable by DeYoung. In no way does it limit DeYoung's right to proceed with this litigation.
Petition for Writ of Certiorari DENIED.
HARRIS, C.J., and THOMPSON, J., concur.
NOTES
[1] § 766.106(2), Fla. Stat.