# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-520

———————————————

HENRY SEGURA,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

———————————————

Petition for Writ of Certiorari—Original Jurisdiction.

May 6, 2019

WINSOR, J.

Petitioner Henry Segura was charged with four counts of first-degree murder. Segura's defense was that another person committed the murders, and at trial, he sought to introduce evidence that another man in fact confessed. The trial court excluded this evidence, and the trial ended with a hung jury and a mistrial. Because the same evidentiary issue will arise in Segura's next trial, Segura now seeks a writ of certiorari, essentially asking this court to direct the trial court to allow evidence about the purported confession.

We lack jurisdiction to grant the requested relief. Before we can issue a writ of certiorari, we must find that the petitioner will otherwise suffer irreparable harm. *Jaye v. Royal Saxon, Inc.*, 720

So. 2d 214, 215 (Fla. 1998). Absent such a finding, we lack jurisdiction and must dismiss. *Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So.3d 344, 351 (Fla. 2012). Here, the asserted harm is not irreparable. If a trial court erroneously admits or excludes evidence in a criminal trial, that error can be corrected on direct appeal. Indeed, in *State v. Pettis*, in which the Florida Supreme Court recognized that the *State* can seek certiorari relief because the State cannot seek review of a judgment of acquittal, the Court noted that "[t]he defendant does not suffer the same prejudice because he always has the right of appeal from a conviction in which he can attack any erroneous interlocutory orders." 520 So. 2d 250, 253 & n.2 (Fla. 1988*); see also Earnest v. State*, 253 So. 2d 458, 459 (Fla. 1st DCA 1971) (rejecting certiorari relief from pretrial evidentiary ruling because "[p]etitioner has not demonstrated that he will be denied a full, adequate and complete remedy by appeal after final judgment").

Segura argues that the general rule is inapplicable here based on his unique circumstances. He notes that he has been incarcerated since 2011 awaiting his first (and now second) trials. He contends that with the disputed evidence he would be acquitted and that without it he will likely face another mistrial. And he relies on *Outdoor Resorts at Orlando, Inc. v. Hotz Management Company, Inc.*, 483 So. 2d 2 (Fla. 2d DCA 1985), to argue we should apply a balancing-of-the-harms test. In that case, the court "acknowledge[d] that normally the petitioner, were it not to [prevail at] trial, would be able to raise in a plenary appeal the question" at issue, but the court applied "a balancing of interests" and granted relief based on "the severity of the burden the petitioner would be required to meet if the question . . . were to await the appeal stage." *Id.* at 3-4.

Segura's circumstances are indeed unusual, but none grants us jurisdiction for the pre-trial review of disputed evidentiary issues. Neither pretrial detention nor the possibility of another mistrial constitutes the type of irreparable harm necessary to support certiorari jurisdiction. *Cf. Jaye*, 720 So. 2d at 215 (rejecting as insufficient harms "the time, effort, and expense of trying a case twice" among others). Any error in the exclusion of the disputed evidence is remediable on direct appeal, so under

2

binding precedent, we lack jurisdiction and must dismiss the petition.

DISMISSED.

ROBERTS and KELSEY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Petitioner.

Ashley Moody, Attorney General, and Steven Edward Woods, Assistant Attorney General, Tallahassee, for Respondent.