# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-664

_____

DERYL NATHAN FOSTER,

   Petitioner,

   v.

STATE OF FLORIDA,

   Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

September 15, 2021

B.L. THOMAS, J.

Petitioner was charged with five drug-related felonies and one count of resisting an officer without violence. A search warrant was issued for Petitioner's cell phone. The State sought to compel disclosure of Petitioner's passcode to execute the warrant. Petitioner argued in the trial court that he could not be compelled to provide his passcode because that would violate the Fifth Amendment of the United States' Constitution.

The trial court granted the State's motion in part. Petitioner now seeks extraordinary relief in this Court by writ of certiorari to quash the trial court's order. We dismiss the petition for lack of jurisdiction because Petitioner has an adequate remedy on plenary appeal.

We note, first, the limits of our jurisdiction. Florida's Constitution provides that district courts have jurisdiction to hear appeals "*from final judgments or orders of trial courts*, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court." Art. V, §4(b)(1), Fla. Const. (emphasis added). As for interlocutory, or non-final, orders, appellate jurisdiction lies only "to the extent provided by rules adopted by the supreme court." *Id.*

The trial court's order compelling Petitioner to provide the passcode is not a final order, nor is it a non-final order subject to interlocutory review through "rules adopted by the supreme court." *Id.* Lacking a basis for appellate jurisdiction in this Court, Petitioner seeks to invoke our original jurisdiction to review the underlying order by writ of certiorari.

The supreme court has repeatedly cautioned that certiorari review of interlocutory orders "is an extraordinary remedy that should be granted only in very limited circumstances." *Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047, 1052 (Fla. 2016). Certiorari jurisdiction thus requires a petitioner to demonstrate the following three elements: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) *that cannot be corrected on post judgment appeal. Bd. of Trs. of Internal Improvement Tr. Fund. v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 454 (Fla. 2012) (emphasis added). The second and third elements are "*jurisdictional* and must be analyzed *before the court may even consider the first element.*" *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (emphasis added) (holding certiorari review is not available where defendant challenged pre-suit adequacy of medical affidavits in a medical-malpractice action). Where a person has an adequate remedy on appeal, the district courts lack jurisdiction to consider piecemeal interlocutory appeals. *See, e.g.*, *Paton*, 190 So. 3d at 1052.

These jurisdictional prongs exist for good reason. Certiorari review "should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." *Jaye v. Royal Saxon, Inc.*, 720 So. 2d 214, 215 (Fla. 1998) (quoting *Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1098 (Fla. 1987)). That is because "piecemeal review of nonfinal trial

court orders will impede the orderly administration of justice and serve only to delay and harass." *Id.* So, "before certiorari can be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm." *Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 351 (Fla. 2012).

This principle is particularly true in criminal cases, as piecemeal litigation hinders the timely resolution of cases and delays finality. *See* Art. I, §21, Fla. Const. ("[J]ustice shall be administered without . . . delay.").

Because Petitioner's claim for certiorari relief fails to demonstrate irreparable harm, this Court lacks jurisdiction to grant him the relief he seeks. The Fifth Amendment to the United States' Constitution provides: "No person . . . shall be compelled in any criminal case to be a *witness* against himself . . .." Amend. V, U.S. Const. (emphasis added). This privilege against self-incrimination "is a fundamental *trial right* of criminal defendants." *See U.S. v. Verdugo-Urquidez,* 494 U.S. 259, 264 (1990) (emphasis added). "Although conduct by law enforcement officials prior to trial may ultimately impair that right, a constitutional violation occurs only at trial." *Id.*; *see also Chavez v. Martinez*, 538 U.S. 760, 767 (2003) ("Statements compelled by police interrogations of course may not be used against a defendant at trial . . . but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs.").

Assuming any evidence resulting from the search of the cell phone is admitted at trial over Petitioner's preserved Fifth Amendment objection, or any other preserved objection, and further assuming Petitioner is convicted based on such evidence, Petitioner can raise those arguments on direct appeal. *See, e.g.*, *Almeida v. State,* 737 So. 2d 520, 525–26 (Fla. 1999) (reversing a first-degree murder conviction and death sentence for admitting an unlawfully obtained confession); *Deviney v. State*, 112 So. 3d 57, 79 (Fla. 2013) (reversing a conviction and sentence and remanding for new trial based on an erroneous admission of a confession). In addition, Petitioner can file a motion to suppress any inculpatory information obtained from the cell phone, after the State's

execution of the search warrant, and can assert that his right to remain silent *at trial* was violated by the use of any such information. *See, e.g., Cuervo v. State,* 967 So. 2d 155, 167 (Fla. 2007) ("[O]fficers in this case violated Cuervo's right to remain silent, requiring suppression of the statements he then made in response to custodial questioning.").

There is nothing prohibiting Petitioner from using his adequate remedy on direct appeal to argue that evidence obtained by use of the passcode could not be legally admitted against him. On plenary appeal, this Court will have jurisdiction to consider these arguments and provide relief, if warranted. *See, e.g., Carter v. State,* 697 So. 2d 529, 532, 534 (Fla. 1st DCA 1997) (upholding a trial court's denial of a motion to suppress a confession but holding that the exclusion of expert testimony regarding whether defendant had knowingly, intelligently, and voluntarily waived his right to remain silent constituted reversible error). *See also State v. Lemmie,* 462 P.3d 161, 165, 169 (Kan. 2020) (holding that an officer's testimony confirming that the defendant provided her with the passcode to his cell phone "in no way contributed to the jury's [guilty] verdict" and that the admission of that testimony was harmless beyond a reasonable doubt); *State v. Johnson,* 576 S.W.3d 205, 226–27 (Mo. App. 2019) (addressing appellant's arguments regarding asserted Fifth Amendment violations resulting from execution of search warrant and appellant's entry of a phone passcode).

Thus, Petitioner cannot show that we have jurisdiction to consider granting an extraordinary writ of certiorari. *Bd. of Trs.,* 99 So. 3d at 454 (holding certiorari jurisdiction requires petitioner to show that asserted error will result in irreparable harm that cannot be remedied on appeal); *Magbanua v. State*, 281 So. 3d 523, 526 (Fla. 1st DCA 2019) (dismissing certiorari petition for lack of jurisdiction because petitioner failed to demonstrate any injury that could not be corrected on direct appeal); *Segura v. State*, 272 So. 3d 805, 806 (Fla. 1st DCA 2019) (holding exclusion of a third-party confession did not constitute irreparable harm because petitioner had an adequate remedy on appeal).

Petitioner relies upon two recent cell phone password cases from this Court to argue jurisdiction is proper. In *Pollard v. State,*

287 So. 3d 649 (Fla. 1st DCA 2019), *review dismissed*, No. SC20-110, 2020 WL 1491793 (Fla. Mar. 25, 2020), this court issued a writ of certiorari but did not analyze the threshold question of jurisdiction or a party's available remedy on direct appeal. And in *Varn*, this Court dismissed a petition for certiorari review and acknowledged the "irreparable harm" requirement but blended its analysis of the merits with its analysis of jurisdiction. *Varn v. State*, 45 Fla. L. Weekly D2079 (Fla. 1st DCA Sept. 3, 2020). Other courts have addressed the merits of the Fifth Amendment issue but declined to explain their jurisdiction. *See Garcia v. State,* 302 So. 3d 1051, 1054 (Fla. 5th DCA 2020) (granting certiorari review and quashing trial court order compelling passcode without discussion of threshold jurisdictional requirement that petitioner must lack a remedy on appeal), *review granted,* No. SC20-1419, 2020 WL 7230441 (Fla. Dec. 8, 2020); *G.A.Q.L. v. State,* 257 So. 3d 1058, 1060 (Fla. 4th DCA 2018) (granting certiorari review with no analysis of the jurisdictional requirement that petitioner seeking extraordinary relief to quash order compelling passcode must lack an adequate remedy on appeal).

Thus, we write to clarify that binding precedent from the supreme court and this Court requires a petitioner to show that he or she has no adequate legal remedy on appeal before this Court can consider his or her petition for writ of certiorari.

In *Jaye*, the Florida Supreme Court held that the district court lacked jurisdiction to consider the merits of a certiorari petition even where the asserted error involved the *denial of a jury trial*. 720 So. 2d 214. The supreme court found that the petitioner could not demonstrate irreparable harm that permitted certiorari review, stating:

> Jaye argues that, as a result of the alleged error, she will suffer the following irreparable harm that a direct appeal cannot remedy: (1) the substantial injury caused when aggrieved parties must "show their hand" in a preliminary nonjury trial; (2) a situation in which the age of the parties and witnesses affects whether a second trial is feasible; and (3) the time, effort, and expense of trying a case twice. We reject these arguments because we do not find these contentions to be of the nature which

5

demonstrates irreparable harm. *See Globe Newspaper Co.*, 658 So. 2d at 520; *Martin-Johnson v. Savage*, 509 So. 2d at 1100; *Parkway*, 658 So. 2d at 650; *Whiteside v. Johnson*, 351 So. 2d 759, 760 (Fla. 2d DCA 1977); Haddad, *supra*, at 223. Moreover, the nonjury trial may result in a decision by the trial judge that will cause the petitioner to conclude that there is no reason to seek appellate review. We distinguish our decision in *Wincast Associates, Inc. v. Hickey*, 342 So. 2d 77 (Fla. 1977), because in that case we did not deal with the issue of whether certiorari review was appropriate. We now make clear that *Hickey* should not be read as approving certiorari review of the denial of a demand for a jury trial.

*Id.* at 215–16.

The rule of law is clear: district courts must first analyze the "threshold jurisdictional" requirement of irreparable harm, and if it is not met, then the inquiry must end there. *See Paton*, 190 So. 3d at 1052 ("[T]he district court improperly employed its certiorari jurisdiction when it granted the petition on an issue that did not depart from the essential requirements of the law and would not cause irreparable harm . . ..."); *see also DeSantis*, 313 So. 3d at 153 (dismissing petition for certiorari review of trial court's orders denying motions to dismiss, and stating "we must satisfy ourselves that the petitions plead a basis for jurisdiction—that the petitioners stand to suffer a significant harm that cannot adequately be corrected in a later, plenary direct appeal."); *see also Craig-Myers v. Otis Elevator Co.*, 313 So. 3d 150 (Fla. 1st DCA 2020) (dismissing petition for writ of certiorari for lack of jurisdiction because the issue could be remedied on direct appeal); *see also ANS, Inc. v. Off. of the Att'y Gen.*, No. 1D21-1600, 2021 WL 2699077, at \*1 (Fla. 1st DCA July 1, 2021) (holding that the court lacked jurisdiction to grant certiorari relief when the petitioner failed to demonstrate irreparable harm by alleging that without relief, the continuation of unnecessary litigation would occur).

Therefore, because Petitioner has an adequate remedy on appeal, we lack jurisdiction to consider his petition for writ of certiorari. *See Segura*, 272 So. 3d at 805.

DISMISSED.

6

NORDBY, J., concurs; BILBREY, J., concurring in part and in result with opinion.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

BILBREY, J., concurring in part and in result.

Since the jurisdictional prerequisite of irreparable harm which cannot be remedied on appeal is not shown in the petition, we lack certiorari jurisdiction. *See Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011) (stating that to be entitled to a writ of certiorari, the "petitioner must establish" three elements including showing material injury which cannot be remedied on post judgment appeal). We are therefore correct to dismiss the petition.

The petition here focuses only on the alleged departure from the essential requirements of law. But even if trial court's order is a departure, meeting only that prong of the three-part test is insufficient to invoke our limited certiorari jurisdiction. *See Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 352 (Fla. 2012). Furthermore, if the search of Petitioner's cell phone yields inculpatory evidence, "[t]he prospect of going to trial or pleading, and being adjudicated guilty, is not irreparable harm." *Varn v. State*, 45 Fla. L. Weekly D2079, D2080, 2020 WL 5244807, *2 (Fla. 1st DCA Sept. 3, 2020).

The majority asserts in dicta that the privilege against self-incrimination is only available at trial in a criminal case, but I respectfully disagree. No matter if certain federal cases interpreting the Fifth Amendment to the United States Constitution can be read so narrowly, the Florida Supreme Court has interpreted the Fifth Amendment and article I, section 9 of the Florida Constitution to apply in all proceedings which are penal in nature. *State ex rel. Vining v. Florida Real Estate Comm'n*, 281 So. 2d 487, 491 (Fla. 1973). In *Vinings*, the Court held that the privilege against self-incrimination applies not only in a

"traditional criminal case, but also to proceedings 'penal' in nature in that they tend to degrade the individual's professional standing, professional reputation or livelihood." *Id.*

In *Omulepu v. Department of Health, Board of Medicine*, we noted the continued validity of the holding in *Vinings* and stated that the Fifth Amendment "privilege may be asserted in proceedings to protect 'against disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.'" 249 So. 3d 1278, 1280 (Fla. 1st DCA 2018) (quoting *Kastigar v. United States*, 406 U.S. 441, 445 (1972)). Had this issue been dispositive, we would be compelled to follow the holdings from *Vinings* and *Omulepu.* *See Hoffman v. Jones*, 280 So. 2d 431, 434 (Fla. 1973) (stating that a district court of appeal is "bound to follow the case law set forth by" the Florida Supreme Court); *Sims v. State*, 260 So. 3d 509, 514 (Fla. 1st DCA 2018) ("Each panel decision [by a district court] is binding on future panels, absent an intervening decision of a higher court or this court sitting en banc.").

But we do not have to determine the reach of the privilege against self-incrimination to find that irreparable harm which cannot be remedied on appeal is lacking here. As the majority correctly states, Petitioner has an adequate remedy at law in a direct appeal if inculpatory information is improperly obtained.

Finally, I note that in an appropriate case and with sufficient allegations, irreparable harm could result from the forced disclosure of a cellphone passcode. Forced disclosure "of certain kinds of information 'may reasonably cause material injury of an irreparable nature.'" *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995) (quoting *Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1100 (Fla. 1987)). The case law is replete with certain "cat out of the bag" compelled disclosures such as "material protected by privilege, trade secrets, work product," and the like which are found sufficient to reach the irreparable harm threshold. *Id.*; *see also Saints 120, LLC v. Moore*, 292 So. 3d 1209, 1212 (Fla. 1st DCA 2020) (holding that forced disclosure which "could work to unlawfully infringe on the privacy rights of" a nonparty meets the irreparable harm threshold). Petitioner makes no such showing

here however, and as such we are correct to dismiss the petition due to our lack of jurisdiction.

_____

Elizabeth Hogan Webb, Assistant Public Defender, Jacksonville, for Petitioner.

Ashley Moody, Attorney General, and Benjamin Louis Hoffman, Assistant Attorney General, Tallahassee; and Melissa Nelson, State Attorney, Jacksonville, for Respondent.