# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0053
Lower Tribunal No. 22-SP-859

_____

JOHNNY ANTONIO THOMAS,

Appellant,

v.

CHANEY'S USED CARS, INC.,

Appellee.

_____

Appeal from the County Court for Highlands County.
Anthony L. Ritenour, Judge.

April 24, 2026

BROWNLEE, J.

Johnny Antonio Thomas appeals the dismissal of his counterclaims and setoff defenses in a small-claims suit filed by Chaney's Used Cars, Inc., to recover the deficiency owed on a car loan after repossession and sale. Because the order dismissing the counterclaims and setoff defenses did not dispose of Chaney's pending statement of claim against Thomas, and because the counterclaims appeared on initial review to be factually intertwined with the statement of claim, we ordered Thomas to show cause why this appeal should not be dismissed for lack of

jurisdiction. Having considered Thomas's response and Chaney's reply, we now dismiss the appeal.

We have an independent duty in every case to verify that we have jurisdiction. *Riggins v. Clifford R. Rhoades, P.A.*, 373 So. 3d 655, 661 n.4 (Fla. 6th DCA 2023). In this case, Thomas first urges we have jurisdiction to review the dismissal of the counterclaims as a final, appealable order under Florida Rule of Appellate Procedure 9.110. But because we disagree with Thomas that any of the six counterclaims dismissed by the lower court are permissive, rather than compulsory, we find no basis to review the order under rule 9.110.

The distinction between permissive and compulsory counterclaims is "critical" to an analysis of jurisdiction because while orders dismissing permissive claims are final and immediately appealable, orders dismissing compulsory claims are not appealable until the original cause has been finally resolved. *Riggins*, 373 So. 3d at 661. The difference between these two classifications is in the relationship the counterclaim bears to the original claim—compulsory counterclaims arise from the same transaction or occurrence as the original claim, while permissive counterclaims do not. *Compare* Fla. Sm. Cl. R. 7.100(a) ("**Compulsory Counterclaim.** If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim . . . ."), *with* Fla. Sm. Cl. R. 7.100(b) ("**Permissive Counterclaim.** If a

2

defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim. . . ."); *see also Riggins*, 373 So. 3d at 661 (explaining that compulsory counterclaims are logically related to the main claim, as they arise from "the 'same aggregate of operative facts'" (quoting *Proino Breakfast Club, II, Inc. v. OGI Cap., Inc.*, 331 So. 3d 846, 849 (Fla. 2d DCA 2021))).

Here, the aggregate facts underlying the statement of claim include Thomas's purchase of a car under a financing agreement, alleged missed payments on the loan, the repossession of the car, its sale at auction, and the existence of a remaining balance on the loan after the sale. And all of Thomas's six counterclaims—(1) violation of the Federal Odometer Act; (2) violation of Article 9 of the Uniform Commercial Code; (3) trespass to chattels; (4) conversion; (5) violation of the Florida Consumer Collection Practices Act; and (6) declaratory judgment as to the validity of the "purported indebtedness"—arise from these same aggregate facts surrounding the repossession and sale of the vehicle. Thus, we lack jurisdiction to review the dismissal of the compulsory counterclaims as a final, appealable order where the original cause has not been resolved.[1] Likewise, the denial of Thomas's

---

[1] We also reject without further discussion Thomas's suggestion that entry of a default judgment against another defendant affects our jurisdiction concerning the dismissal of his counterclaims and defenses, where the original statement of claim has not been disposed as to him.

motion for leave to file the counterclaim and the striking of the setoff defenses are nonfinal and not appealable until final disposition of Chaney's action. *See Bonczyk v. Wolfe*, 394 So. 3d 144, 146 (Fla. 3d DCA 2024) ("[A]s a general rule, an order denying a motion for leave to amend an answer to plead a counterclaim is nonfinal and nonappealable."); *Cohen v. DeYoung*, 655 So. 2d 1265, 1266 (Fla. 5th DCA 1995) (explaining that orders striking affirmative defenses are non-final and typically can be adequately reviewed on direct appeal from final disposition).

Even so, we examine whether an alternative basis exists to review the dismissal of Thomas's counterclaims and setoff defenses as an appealable non-final order under Florida Rule of Appellate Procedure 9.130. *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought; provided that it will not be the responsibility of the court to seek the proper remedy."). Thomas suggests three possibilities—that the order may be appealable as a non-final order that: (1) denies an injunction, *see* Fla. R. App. P. 9.130(3)(C)(ii); (2) determines the right to immediate possession of property, *see* Fla. R. App. P. 9.130(3)(C)(ii); or (3) denies a motion for leave to amend to assert a claim for punitive damages, *see* Fla. R. App. P. 9.130(3)(G). We conclude that none of these apply to the dismissal of the counterclaims. As to injunctive relief and punitive damages, we reject these bases for jurisdiction without further discussion, as the order plainly does not fit within the limited scope of rules 9.130(3)(C)(ii) or

4

9.130(3)(G). *See* Fla. R. App. P. 9.130(3) (providing that appeals from non-final orders under rule 9.130 "are limited to those" prescribed in the rule).

As to rule 9.130(3)(C)(ii), it provides for review of nonfinal orders that "*determine . . .* the right to *immediate* possession of property, including, but not limited to orders that grant, modify, dissolve, or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment." (emphasis added). Thomas contends that because a monetary amount was already established via a default entered against another defendant, the dismissal of his counterclaims and of any setoff defenses determined Chaney's entitlement to an indebtedness in that amount. But where Chaney's statement of claim has not been disposed of, and no order has been entered entitling Chaney's to immediate possession of any deficiency amount, we disagree that rule 9.130(3)(C)(ii) applies. Nor do we think, as Chaney's suggests, that the dismissal of Thomas's trespass-to-chattel and conversion counterclaims "determines" the right to "immediate possession" of the vehicle, so as to provide a basis for review under rule 9.130(3)(C)(ii) as to those counts.

Accordingly, because we find no basis for jurisdiction to review the order dismissing Thomas's counterclaims and setoff defenses, and denying his motion for leave, the appeal is dismissed.

DISMISSED.

STARGEL and NARDELLA, JJ., concur.

5

Morgan Weinstein, of Twig, Trade & Tribunal, PLLC, Fort Lauderdale, for Appellant.

Kristie Hatcher-Bolin, of GrayRobinson, P.A., Lakeland, and Thomas J. Wohl, of Swaine, Harris & Wohl, P.A., Sebring, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED